UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
NO. _____

AURDEY GAYLE YOUNG AND
RICHARD YOUNG, *Plaintiffs*

vs. **COMPLAINT**

FRONTLINE ASSET STRATEGIES, LLC *Defendant*

    **Serve:** Frontline Asset Strategies, LLC
            1935 W. County Road B2
            Roseville, MN 55113

\* \* \* \* \* \* \*

NOW COME Plaintiffs, AUDREY GAYLE YOUNG and RICHARD YOUNG, by and through their attorneys, KROHN & MOSS, LTD., and for their Complaint against Defendant, FRONTLINE ASSET STRATEGIES, LLC., allege and affirmatively state as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## PARTIES

2. Plaintiffs, AUDREY GAYLE YOUNG and RICHARD YOUNG ("Plaintiff"), are individuals who at all times relevant hereto were and are residing in the State of Kentucky, County of Lincoln.

3. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

4. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiffs.

5. Defendant is a company with headquarters in Roseville, Minnesota.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

8. Defendant conducts business in the State of Kentucky, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

10. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## FACTUAL ALLEGATIONS

11. Defendant places constant and continuous collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiffs from (651) 621-2812.

13. Defendant is rude and abusive to Plaintiff Audrey Gayle Young and Plaintiff Audrey Gayle Young's mother, Flo Ely, calling them "liars."

14. Defendant called Plaintiff, Audrey Gayle Young, a liar when she told Defendant that she had previously satisfied the alleged debt in full.

15. Plaintiff, Audrey Gayle Young, sent copies of statements to Defendant to show that she had in fact had previously satisfied the alleged debt in full.

16. Upon receipt of Plaintiffs' statements, Defendant told Plaintiff, Audrey Gayle Young, and her mother that Plaintiff, Audrey Gayle Young, had committed fraud by sending falsified documents to Defendant and that Plaintiff, Audrey Gayle Young, was going to be arrested and prosecuted as a consequence thereof.

17. Defendant repeatedly contacted Plaintiff, Richard Young, at his place of employment despite being told not to do so because his employer prohibits such communications.

18. Defendant threatened to file a lawsuit against Plaintiffs if Plaintiff Audrey Gayle Young, did not pay her alleged debt.

19. Defendant threatened to garnish Plaintiffs' wages if Plaintiff, Audrey Gayle Young, did not pay her alleged debt.

20. Defendant repeatedly contacted Plaintiff's, Audrey Gayle Young, parents even though Defendant was told that Plaintiff could not be found at that telephone number (See Exhibit "A").

21. Plaintiff was rude and abusive to Plaintiff's, Audrey Gayle Young's, mother demanding that she "get out of the shower" to take a message for Plaintiff.

22. Defendant disclosed to Plaintiff's, Audrey Gayle Young's, mother that Plaintiff allegedly owes a debt.

23. Defendant told Plaintiff's, Audrey Gayle Young's, mother that Defendant would

put Plaintiff in jail if Ms. Ely did not pay Plaintiff's alleged debt.

24. Defendant never provided a debt validation letter.

25. Defendant refused to validate the alleged debt and continued with collection efforts notwithstanding their failure to validate Plaintiffs' alleged debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff, Audrey Gayle Young's, mother and stating that Plaintiff owes a debt;

   b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff, Audrey Gayle Young's, mother more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete;

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff, Audrey Gayle Young's, mother in connection with the collection of Plaintiffs' debt;

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt;

   e. Defendant violated *§1692d(2)* of the FDCPA by using abusive language when speaking to Plaintiffs and Plaintiff, Audrey Gayle Young's, mother;

   f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs;

   g. Defendant violated *§1692e(1)* of the FDCPA by falsely implying that Defendant is affiliated with the State of Kentucky.

   h. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiffs' debt because Plaintiffs do not owe the money Defendant is attempting to collect.

   i. Defendant violated *§1692e(4)* of the FDCPA by falsely stating that Plaintiff's, Audrey Gayle Young, non-payment of her alleged debt would result in her arrest or imprisonment.

j.  Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiffs' wages when Defendant did not intend to take such action.

k.  Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiffs even though Defendant does not intend to do so.

l.  Defendant violated *§1692e(7)* of the FDCPA by falsely representing and/or implying that Plaintiff, Audrey Gayle Young, committed a crime in order to disgrace Plaintiff, Audrey Gayle Young.

m.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying that Defendant is affiliated with the State of Kentucky.

n.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely stating that Plaintiff's, Audrey Gayle Young's, non-payment of her alleged debt would result in her arrest or imprisonment.

o.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely threatening to garnish Plaintiffs' wages when Defendant did not intend to take such action.

p.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiffs even though Defendant does not intend to do so.

q.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing and/or implying that Plaintiff, Audrey Gayle Young, committed a crime in order to disgrace Plaintiff, Audrey Gayle Young.

r.  Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because neither Plaintiffs nor Plaintiff, Audrey Gayle Young's, mother owes the money Defendant is attempting to collect.

s.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within five (5) days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such

      verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

t. Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiffs with validation of the alleged debt.

WHEREFORE, Plaintiffs, AUDREY GAYLE YOUNG and RICHARD YOUNG, respectfully request judgment be entered against Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
b. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*,
c. Actual damages,
d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*
e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs demand a jury trial in this cause of action.

DATED: February 2, 2010                **KROHN & MOSS, LTD.**

                                          By: /s/Lee Cassie Yates
                                             Lee Cassie Yates –Atty No. 91821
                                             Attorney for Plaintiff
                                             KROHN & MOSS, LTD.
                                             120 West Madison Street, 10th Floor
                                             Chicago, Illinois 60602
                                             (312) 578-9428

                                             ***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, AUDREY YOUNG state as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by our attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AUDREY YOUNG hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1/15/2010

_____
AUDREY YOUNG